**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ANTHONY OLIVER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:22-cv-132 (MTT)** |
| | ) | |
| **JEFFERSON CAPITAL** | ) | |
| **SYSTEMS LLC, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Pro se Plaintiff Anthony Oliver was previously ordered to show cause why the Court should issue him summonses in light of the serious allegations of fraud levied against him.  Doc. 7 (citing *Oliver v. Nexstar Broad., Inc.*, No. 5:21-cv-361-MTT, Doc. 30 at 2 (M.D. Ga. January 21, 2022).  Oliver's response was unresponsive.  *See* Doc. 8. Accordingly, Oliver's motions for summonses (Docs. 3; 4) are **DENIED** without prejudice.

Oliver's response, however, does acknowledge he is presently incarcerated and that "he has enlisted the help of a current law school student to type, prepare, and mail his pleadings to this Court."  Doc. 8 ¶¶ 1, 9.  Under 28 U.S.C. § 1654, only lawyers and parties are permitted to manage and conduct cases.  Thus, § 1654 "only allows for two types of representation: that by an attorney admitted to the practice of law … and that by a person representing himself."  *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (quoting *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 477 (N.D. Tex. 1975)); *see*

*also Matthews  v. Cordeiro*, 144 F. Supp. 2d 37, 38-39 (D. Mass. 2001) ("Under well settled law, an individual who is not an attorney admitted to practice before [the] court is not authorized to submit pleadings … or in any other manner appear on behalf of another person or entity.") (citations omitted).  Moving forward, the Court will only accept written filings signed by Oliver himself.  Such filings must be hand signed by Oliver, and the postmark must demonstrate that those filings were mailed from Oliver's present place of incarceration.[1]

Accordingly, Oliver is hereby **ORDERED TO SHOW CAUSE by June 29, 2022,** why this case should not be dismissed with prejudice as a sanction for deception and abuse of the judicial system.[2]  As part of his response, Oliver shall identify the law student and any others acting on his behalf in this matter or others before the Court. *See Oliver v. Navy Fed. Fin. Group LLC*, No. 5:22-cv-38-MTT, Doc. 49 (M.D. Ga. June 8, 2022).  Oliver's response shall include the current contact information for the law student and any other surrogates identified by Oliver, to include phone numbers, email addresses, and their current residences.  Finally, Oliver shall explain why numerous filings in the case—filings purportedly sent by Oliver—were sent from locations other than Oliver's present place of incarceration.  *See, e.g.*, Docs. 1-6 (Savannah, GA); 3-2

---

[1]  "Several federal courts have held that the Rule 11 signature requirement is not satisfied when a nonlawyer signs a paper on behalf of an unrepresented party—the paper either must be signed by the party or by a lawyer."  *Branch Banking & Tr. Co. v. Adesida*, 2011 WL 13319311, at *1 (N.D. Ga. Aug. 15, 2011) (citing Wright & Miller, 5A Fed. Pract. & Proc. § 1333 & n.15 (3d ed.), *report and recommendation adopted*, 2011 WL 13319325 (N.D. Ga. Sept. 7, 2011).

[2] Dismissing Oliver's Complaint with prejudice is well within the Court's authority.  "Rule 11(b) of the Federal Rules of Civil Procedure forbids lying in pleadings, motions, and other papers filed with the court," and "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)."  *Zocaras v. Castro*, 465 F.3d 479, 484, 490 (11th Cir. 2006).  Moreover, "Rule 41(b) expressly authorizes the involuntary dismissal of a claim for Plaintiff's failure to abide by … the Federal Rules of Civil Procedure."  *Id.* at 490.

(Jacksonville, FL); 6-2 (Jacksonville, FL); 8-2 (Jacksonville, FL).  Failure to comply with this order may result in sanctions including dismissal of this case and a finding of contempt.  When the Court receives a satisfactory response to the above, Oliver may renew his motion for issuance of summonses.

       **SO ORDERED**, this 8th day of June, 2022.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT